IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>LARRY E. WIECKHORST and<br>TRACY D. WIECKHORST,<br><br>        Debtor(s). | CASE NO. BK19-42090-TLS<br><br>CHAPTER 13<br><br>ADV. NO. A21-4009-TLS |
| LARRY E. WIECKHORST and<br>TRACY D. WIECKHORST,<br><br>        Plaintiff(s)<br>  vs.<br><br>THE CENTER FOR RURAL AFFAIRS and RURAL INVESTMENT CORPORATION,<br><br>        Defendants(s). | **ORDER** |

    This matter is before the court on the plaintiffs' motion for default judgment (Fil. No. 6) pursuant to Local Rule 7055-1. Bruce C. Barnhart represents the debtors. No appearance has been entered for the defendants.

    The motion is granted.

    This adversary proceeding was filed to avoid a junior lien on the debtors' residential real property. The facts are as follows:

1. The plaintiffs are the debtors in this Chapter 13 proceeding.

2. The plaintiffs are the owners of real property legally described as: Lots Four (4), Five (5), and Six (6), Block Twenty (20), Anderson's Addition to Nebraska City, Otoe County, Nebraska and commonly known as 723 13th Corso, Nebraska City, Otoe County, Nebraska.

3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

4. The Center For Rural Affairs and Rural Investment Corporation hold a fourth-position lien against the real property in the approximate amount of $32,302.66 secured by a deed of trust filed with the Otoe County Register of Deeds on November 5, 2014.

5. There exists three liens senior to the lien of the Defendants. The Otoe County Treasurer holds a first-position statutory lien for real estate taxes in the amount of $0.00. A second-position lien is held by Wells Fargo Bank, N.A., in the amount of $36,304.82 secured by a deed of trust filed with the Otoe County Register of Deeds on July 21, 2009. A third-position lien is held by Arbor Bank in the amount of $123,929.85 secured by a deed of trust filed with the Otoe County Register of Deeds on March 23, 2012.

6. The fair market value of the real property in question on the date of the filing of the Chapter 13 proceeding was $125,000.00. The total amount owed on the first, second, and third liens exceed the fair market value of the property. As a result, the fourth lien of the defendants is wholly unsecured.

7. The plaintiffs filed this adversary proceeding on April 9, 2021.

8. Service of process was made by certified mail on the Rural Investment Corporation's registered agent on April 12, 2021.

9. Service of process was made by certified mail on The Center for Rural Affairs' registered agent on April 12, 2021.

10. The time for filing an answer or other response expired on May 9, 2021.

11. No answer or other response has been filed or served by the defendants.

12. Neither defendant is an infant or incompetent person within the meaning of Federal Rule of Civil Procedure 55(b)(2), as incorporated by Federal Rule of Bankruptcy Procedure 7055.

13. Neither defendant is serving in the military.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011).

The analysis was explained in *Fisette*:

[T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:
The message, to recapitulate, is this:
— Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;
— Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;
— Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"

&mdash; If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;

&mdash; If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

*Fisette*, 455 B.R. at 183-184 (quoting *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)).

In the present case, there is no dispute that the fourth lien is wholly unsecured. The debtors may strip off the wholly unsecured junior lien held by the defendants for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason, no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

IT IS ORDERED: The plaintiffs' motion for entry of default judgment (Fil. No. 6) is granted. Separate judgment will be entered.

DATED: May 26, 2021.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Bruce C. Barnhart
    Kathleen A. Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.